UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID M. WELLS** | ***CIVIL ACTION NO. 6:17-0014** |
| **VERSUS** | ***JUDGE DOHERTY** |
| **DISA GLOBAL SOLUTIONS, INC.** | ***MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Dismiss filed by DISA Global Solutions, Inc.("DISA")  [rec. doc. 6]. Plaintiff David M. Wells ("Wells") has filed opposition to the Motion. [rec. doc. 14].

By this Motion, DISA  seeks dismissal of Wells' Louisiana state law negligence action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted because the complaint does not allege that DISA owed Wells a duty and does not allege that any such duty was breached.

By opposition, Wells contends that he has stated a cause of action for negligence under Louisiana law.  More specifically, Wells contends that he has plead sufficient facts, taken as true, from which a duty owed to him by DISA may be inferred, and which duty was breached, causing him damages. The court agrees.

For those reasons set out below, it is recommended that the Motion to Dismiss be **denied.**

## Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); F.R.C.P. 12(b)(6).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming,* 281 F.3d at 161-162 *quoting Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim for relief is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc.*, 634 F.3d at 796 *quoting Iqbal*, 129 S.Ct. at 1949. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) *citing Iqbal*, 129 S.Ct. at 1949 and *Twombly,* 550 U.S. at 557. However, a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Id.* at 763-764 *quoting Iqbal*, 556 U.S. at 678 *quoting Twombly*, 550 U.S. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555; *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). Thus, "the pleading must contain something more . . . than . . .

a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombley,* 127 S.Ct. at 1965 *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 at fn. 27 (5th Cir. 2009). If a plaintiff fails to allege facts sufficient to "nudge[] his claims across the line from conceivable to plausible, his complaint must be dismissed." *Twombley,* 127 S.Ct. at 1974; *Malik v. Continental Airlines, Inc.*, 305 Fed. Appx. 165, 167 (5th Cir. 2008); *Mitchell v. Johnson*, 2008 WL 3244283, *2 (5th Cir. 2008).

## Factual Background

The facts, as asserted in the Complaint, are as follows. Wells was employed as a diver, an occupation in which he has extensive training and years of experience. [rec. doc. 1, ¶ 11, 12(a) and (c)]. Wells alleges that on June 22, 2016, an "employee or agent of [DISA] collected a hair sample from [Wells]" to perform a test for the use of illegal drugs by Wells. [*Id*. at , ¶ 2]. DISA "carried out the testing on the hair sample, either directly or through its agents." [*Id*. at ¶ 3]. Wells has never used cocaine in his entire life. [*Id*. at ¶ 5]. In its reporting of the drug test results, DISA "falsely claimed that [Wells] was positive for the use of . . . cocaine." [*Id*. at ¶ 4]. The "false results reported by [DISA] are the result of its negligence . . . in one or more of the following regards": "failing to properly take

and identify the hair sample, including . . . the failure to take a sufficient amount of hair", "allowing contamination of the hair sample", "failing to ensure that the hair [sample] tested and on which the results were reported was the same hair sample taken from [Wells]", "failing to conduct the test properly to produce correct results", "failing to establish procedures and guidelines that would ensure tests yield accurate results", "failing to follow procedures and guidelines that were in effect" and "incorrectly reporting the results of the test." [*Id*. at ¶ 6].  Wells further alleges that he contested the results of the drug test and sought a retest. [*Id*. at  ¶ 7]. Although the contest "procedure calls for a retest of a second sample by a different laboratory", Wells was told that because there was an insufficient amount of hair taken in the initial test, the retest would be conducted on the same sample by the same laboratory.  [*Id*. at  ¶ 8]. The retest under these conditions was inadequate to correct the results of the initial test, the retest "would not have eliminated contamination of the sample and would not have corrected a mix-up of the sample with that of another person." [*Id*. at ¶ 9]. "After learning of the test performed by [DISA] ", Wells had another drug test performed by a third party; the results of that test were negative for illegal drugs including cocaine. [*Id*. at ¶ 10].  Wells further alleges that "[DISA's] negligence regarding the drug testing damaged [Wells]" in the following ways: by "causing [Wells] to be terminated

5

from his employment as a diver resulting in lost wages and other compensation", "irreparably damaging [Wells'] sterling reputation . . . in the industry", "preventing [Wells] from being able to gain or maintain employment . . . as a diver, an occupation in which [Wells] has extensive training and years of experience", "causing [Wells] reduced earning capacity now that [Wells'] standing in his profession and industry have been reduced", "causing Wells mental anguish, distress and embarrassment due to damage to [his] reputation, loss of income and reduced earning capacity", and "causing [Wells] to spend money on" and attend a substance abuse class "to regain employment as a diver . . . despite the fact that he has no substance abuse problem whatsoever", causing Wells "additional embarrassment."  [*Id*. at  ¶ 12 and 11].

## Law and Analysis

Louisiana Civil Code article 2315 provides in pertinent part that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  If the act involves the failure to exercise reasonable care, it is deemed negligence. *Meany v. Meany*, 639 So.2d 229, 233 (La. 1994). The defendant's conduct must conform to the standard of conduct of a reasonable man under like circumstances. *Id*. at 234.

Under the duty risk analysis employed by Louisiana courts, to state a cause of action in negligence, the following elements must be satisfied: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element). *Mathieu v. Imperial Toy Corporation*, 646 So.2d 318, 322 (La. 1994); *Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La. 2001). Under the duty-risk analysis, all inquiries must be affirmatively answered for the plaintiff to recover. *Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762, 765 (La.1999). The determination of the existence of a duty and the scope of the duty are legal questions to be decided by the court; breach of duty and causation are to be determined by the trier of fact. *See Meany*, 639 So.2d at 233-234.

Under the applicable standard of review, which requires this court to accept all of Wells' well pleaded facts as true and in the light most favorable to him, Wells has adequately stated a negligence cause of action against DISA. Wells' allegations are plausible on their face and the factual content of Wells' allegations

allows more than sufficient basis for this court to draw the reasonable inference that DISA is liable for the misconduct alleged by Wells. More specifically, Wells alleges that an "employee or agent of [DISA] collected a hair sample from [Wells]" and that DISA "carried out the testing on the hair sample, either directly or through its agents." [rec. doc. 1, at ¶ 2 and 3]. Wells further alleges that the results of DISA's testing were false, as he had never used cocaine. [*Id*. at ¶ 4, 5 and 6]. He therefore alleges that DISA was negligent in a number of respects with regard to its testing of Wells' hair sample. [*Id*. at ¶ 6]. Thereby causing Wells damages. *Id*. at ¶ 12]. Contrary to DISA's present arguments, Wells need not expressly allege the specific duty owed by DISA or that such duty was breached. To the contrary, the existence of DISA's duty are implied by this Court, namely, that DISA exercise reasonable care in the conduct of its drug testing so as to obtain correct (not false) results. Stated differently, that DISA conduct its drug testing in a reasonably prudent manner so as to avoid obtaining false or incorrect results. Whether that duty was breached, will be determined by the trier of fact. *See Meany, supra*.

  It appears to this court that the true basis of DISA's motion is that it improperly contests the truth of the allegations in plaintiff's complaint. More specifically, in footnote one of its memorandum DISA states that it is "a third-party administrator of substance abuse programs for contractor-consortium clients.

8

. ., who pay for . . . access to DISA Works, a proprietary online database management system. . ." and that as such, "DISA neither collected, tested, nor analyzed in any way Plaintiff's hair sample. . . ." While these facts may come to light after discovery, and thereafter be properly presented to the Court by summary judgment or other appropriate dispositive motion, the Court cannot consider these statements in the context of this Rule 12(b)(6) motion to dismiss. This motion must be decided solely on the basis of the allegations set forth in Wells' well pled complaint, and such allegations must be accepted by this court as true. *See Collins*, *In re Katrina Canal Breaches Litigation* and *Ramming, supra.* As such, DISA's present motion is not well taken.

Based on the foregoing reasons, it is recommended that the Motion to Dismiss be **denied.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation**

**within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 6th day of February, 2017, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**